UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONNIE E. GREEN, | ) | CASE NO. CV 04-10550 (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Administrative Law Judge said that Plaintiff possessed a greater residual functional capacity in 2003 than in 1998, even though she was more impaired in 2003. To reach this curious result, the Administrative Law Judge held that the presumption of continuing disability, *see Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), had been rebutted, and that therefore he could proceed *de novo*. Ignoring the previous determination of Plaintiff's residual functional capacity, he now determined Plaintiff had a different and greater residual functional capacity, even though Plaintiff had aged and grown more infirm. This was error.

In *Chavez*, the Court held that a prior determination of non-disability created a presumption of continuing non-disability, which could be rebutted by a change in circumstances, such as the aging of a person. Here, as in *Chavez*, Plaintiff had aged, and

1  passed into an older category for assessing her ability to work.  Here then, as in *Chavez*,

2  it was appropriate to conclude that the presumption of continuing disability had been

3  rebutted, and that therefore Plaintiff's claim that she was disabled was not barred by the

4  doctrine of *res judicata*.

5        Although the bar to the claim itself had been lifted, however, this did not

6  jettison the findings made in the first decision.  In *Chavez*, the Court noted that

7

8        The first administrative law judge's findings concerning

9        the claimant's residual functional capacity, education, and work

10       experience are entitled to some res judicata consideration in

11       subsequent proceedings.

12

13  844 F.2d at 694 (citation omitted).  The *Chavez* Court rejected the Secretary's argument

14  that *res judicata* did not apply to the findings, and stated:

15

16       Principles of res judicata made binding the first judge's

17       determinations that the claimant had a residual functional

18       capacity of light work, was of limited education, and was skilled

19       or semi-skilled.  The claimant's attainment of "advanced age"

20       status became legally relevant and should have been considered.

21       Because the second judge failed to afford preclusive effect to the

22       first judge's determinations or to apply the legal standards

23       applicable to individuals possessing the claimant's

24       characteristics, his decision was not supported by substantial

25       evidence.

26

27  *Id*.  In proceeding *de novo* after finding changed circumstances [AR 18], the Administrative

28  Law Judge here violated the command of *Chavez*.  He was required to give binding effect

to the prior findings, but did not do so, proceeding instead to make his own adjudication. In *Chavez*, the Court did not foreclose the possibility that the prior findings could be re-opened, but re-opening had to be based on evidence that had not been presented to the first judge, and there had to be good cause for re-opening the decision, based on new and material evidence. *Id.*

In the prior decision here, the Administrative Law Judge determined that Plaintiff had the residual functional capacity

> to lift fifty pounds occasionally and twenty-five pounds on a regular basis, stand and/or walk for two hours, and sit for six hours. She should avoid dangerous equipment unless wearing proper diabetic foot protection, and she should avoid excessive exposure to dust, fumes, and chemical irritants, as well as exposure to extreme heat (temperatures over 95 to 100 degrees constantly).

[AR 98, finding No. 5] In the decision currently before the Court, the Administrative Law Judge found that Plaintiff had a greater capacity:

> The claimant retains the residual functional capacity to lift twenty pounds occasionally, ten pounds frequently, stand and/or walk six hours, and sit six hours in the course of an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, and crawl, but she can never climb. Ms. Green can only occasionally push and/or pull with her upper and lower extremities and she can frequently perform fine fingering. The claimant should avoid exposure to dust, fumes, gases, and other pulmonary irritants.

[AR 28, Finding No. 6] The primary difference between these two findings is that the Administrative Law Judge in 2003 found that Plaintiff could stand and/or walk six hours in a day, whereas the Administrative Law Judge in 1998 found that Plaintiff could stand and/or walk only two hours in a day.  The difference is significant, especially considering that Plaintiff, as in *Chavez*, now falls within a different age category, one which may make her disabled under the regulations if the prior residual functional capacity is used.  *See* 20 C.F.R. Part 404, Subpart P, Appendix II at § 201.10.

In this Court, the Commissioner argues that Plaintiff's capacity improved. Certainly this is counterintuitive, because the Administrative Law Judge found that Plaintiff had new impairments of diabetic gastroparesis, diabetic neuropathy, osteoarthritis of the lumbosacral spine, and an adjustment disorder with a depressed mood, and that these impairments were "in addition to" the previously-found impairments of diabetes mellitus, hypertension, osteoporosis of the right ankle and asthma.  [AR 18]  The Commissioner argues that the prior finding of osteoporosis of the right ankle can no longer be supported because the most recent Administrative Law Judge noted that there had been no further diagnostic testing of the ankle, and that a 2002 examination had found Plaintiff's feet and ankles normal.  The Commissioner does not explain how, without further diagnostic testing, the Commissioner concludes that Plaintiff's bones became *less* brittle as she aged. The Commissioner also says that the prior limitation of two hours' standing was affixed because of Plaintiff's foot pain, and that the prior Administrative Law Judge had noted that Plaintiff had worked for many years after her foot pain.  The Commissioner ignores the fact, however, that nevertheless the prior Administrative Law Judge found that Plaintiff's capacity to stand was limited to two hours per day.  As in *Chavez*, the Commissioner cannot go back and revisit the prior determination.

The most recent Administrative Law Judge should have accepted the previous finding as to Plaintiff's residual functional capacity.  The matter is remanded to the Commissioner with instructions that the Commissioner do so, and proceed from there

consistent with this Memorandum Opinion.   This Court's determination makes it unnecessary to address, at this time, Plaintiff's other arguments.

IT IS SO ORDERED.

DATED:   August __26__, 2005


_____
/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE